UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN- GREEN BAY DIVISION

| | |
|---|---|
| **DEBRA WEISS,** individually and on behalf of all other similarly situated,<br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br><br>**ANIWA, LLC dba TEXAS JAY'S NORTH,** a Wisconsin Limited Liability Company;<br>**JOHN A URBAN,** an individual; and<br>**DOES** 1 through 10, inclusive, | **Case No. 21-CV-114** |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant Aniwa, LLC, dba Texas Jay's North ("Texas Jay's") and Defendant John A. Urban ("Mr. Urban") (collectively, "Defendants"), by their undersigned counsel, hereby moves this Court for the entry of summary judgment with findings that Defendants were not employers or joint employers under the FLSA.

### BACKGROUND

The Plaintiff, Debra Weiss has filed a Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) for alleged violations of the Fair Labor Standards Act ("FLSA"). *See Complaint.* Plaintiff's Complaint essentially alleges that Defendants misclassified Plaintiff as an independent contractor, when she should have been classified as an "employee" under the FLSA. Count I of the Complaint alleges a failure to pay the Federal Minimum Wage in violation of 29 U.S.C. § 206; Count II alleges a failure to pay Overtime Wages in violation of 29 U.S.C. § 207; Count III alleges the taking of Illegal Kickbacks in violation of 29 C.F.R. § 531.35; Count IV alleges Unlawful Taking of Tips in Violation of 29 U.S.C. § 203; and Count V alleges

Forced Tipping in Violation of 29 C.F.R. § 531.35. Pursuant to the Complaint, Plaintiff seeks compensatory damages; special damages; restitution of unpaid monies; attorneys' fees; costs of suit; statutory penalties; civil penalties; pre-judgment interest; post-judgment interest; general damages in an amount to be proven at trial, declaratory relief, injunctive relief, and any other further relief as the tribunal may deem just and proper.

## ISSUES

The issue presented to this Court in this motion for summary judgment is: Whether Defendants qualify as an employer or joint employer under the meaning of the FLSA. A finding that Defendants do not qualify as an employer under the meaning of the FLSA is dispositive to this case.

Here, Texas Jay's, is a small adult-entertainment facility with one location in Birnamwood, Wisconsin. Texas Jay's has not grossed more than $500,000 per year in the years relevant to the complaint. Moreover, it does not have two or more employees engaged in commerce or in the production of goods for commerce, and is a local business only transacting and seeking to transact business in rural Wisconsin. These simple facts warrant judgment in the Defendants' favor.

I. **THERE IS NO DIVERSITY JURISDICTION IN THIS MATTER**

A. **Governing Legal Principles**

It is settled that "the party invoking the Court's jurisdiction, bears the burden of demonstrating that this matter falls within the Court's subject matter jurisdiction." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); Summary judgment under Federal Rule Civil Procedure 56(c) is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson*

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there are no genuine issues of material fact. *Id.* at 325. Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Celotex*, 477 U.S. at 324. In so doing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252.

> **B. Plaintiff cannot establish jurisdiction under the FLSA because Texas Jays does not employ anyone engaged in interstate commerce or in the production of goods for interstate commerce, and Texas Jay's never made more than $500,0000.**
>
> 1. General Analysis

Section 206(a) of the FLSA provides, in relevant part:

> "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates…"

29 U.S.C. § 206(a). Simply put, the FLSA requires an employer to pay an employee certain minimum wage if that employee is either engaged in commerce of the production of goods for commerce or is employed in an enterprise engaged in commerce of the production of goods for commerce. Moreover, Section 203(b) defines "commerce" as follows: "Commerce" means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

Therefore, the FLSA provisions apply in two circumstances: (1) where an employee is engaged in commerce or the production of goods for commerce—individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce— enterprise coverage. See ***D.A. Schulte, Inc., v. Gangi***, 328 U.S. 108, 121 (1946); ***Warren-Bradshaw Drilling Co. v. Hall***, 317 U.S. 88, 90 (1942)). This is because the burden of proof on a challenge to subject-matter jurisdiction lies with the party invoking the court's jurisdiction: here, the Plaintiffs. ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 561 (1992).

Under the first type of FLSA coverage— "individual coverage"— an employee is entitled to the federal minimum wage as long as he or she is "engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 207. To determine whether an employee performed such work, a court must focus its inquiry on the activities of the employee and not on the business of the employer. *See **Mitchell v. Lublin McGaughy & Assocs.***, 358 U.S. 207, 211 (1959). Under the second type of FLSA coverage— "enterprise coverage"— an employee is entitled to the federal minimum wage if he or she is employed by "an enterprise engaged in commerce," as defined by § 203(s) of the statute. Section 203(s) of the FLSA provides in relevant part that an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A)(ii). Thus, in order for an enterprise to be "engaged in commerce," for purposes of enterprise coverage, a business must have employees handling goods or materials that

have been moved in interstate commerce *and* must have annual gross volume of sales or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(ii).

To resolve this Motion the Court must decide two issues. The first is whether, reviewing the record in the light most favorable to Plaintiff, the Plaintiff participated in the actual movement of persons or goods in interstate commerce, and whether that participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA. The second is whether, reviewing the record in the light most favorable to Plaintiff, the corporate Defendant's annual gross volume of sales exceeded the minimum requirement under the FLSA ($500,000) and whether Texas Jays employed two or more employees who regularly and recurrently engaged in interstate commerce.

    a.   Individual Coverage

Plaintiff ostensibly alleges that the provisions of the FLSA apply in this case because her work for Texas Jays involved the use of goods that traveled in interstate commerce. As to Plaintiff's use of goods that traveled in interstate commerce, it is well-settled that this is not enough to invoke individual coverage under the FLSA. ***McLeod v. Threlkeld***, 319 U.S. 491, 493 (1943). Here, Plaintiff was an exotic performer and it is clear from the undisputed material facts of the case that Plaintiff was not involved in any manner in the actual movement of persons or goods in interstate commerce, much less that the participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA.

    b.   Enterprise coverage

Under the FLSA, unless the enterprise has $500,000 or more in gross annual revenue, and has two or more employees who are engaged in commerce or in the production of goods for commerce, the employer is not subject to the Act. 29 U.S.C. § 203(s) (1) (A) (i & ii). Section

203(s)(1)(A)(i) of the FLSA, which pertains to enterprise coverage, requires that the defendant-employer have employees engaged in commerce or in the production of goods for commerce, as follows:

> (s)(1) 'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise that–
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

Simply put, the FLSA requires an employer to pay the federal minimum wage *only if* it employs two or more individuals who are engaged in commerce or in the production of goods for commerce.

Here, it is undisputed that Texas Jay's did not make $500,000 in any of the years relevant to the complaint, or ever. As seen in the complaint, Plaintiff alleges to have worked as an exotic performer at Texas Jay's from approximately 2017 through 2020. As displayed in Defendants' Statement of Material Facts, Texas Jay's at no point during the time alleged had a gross volume of sales made or business done in excess of $500,000. As such, Defendants do not qualify as an enterprise under the FLSA and, therefore, no jurisdiction exists for this Court to hear this matter.

WHEREFORE, Defendants pray this Honorable court grant summary judgment in their favor and against Plaintiff, Debra Weiss, as to all counts of the Complaint, and for any additional relief this Court deems appropriate.

Respectfully submitted this 3rd day of October, 2022

*s/Mark D. Richards*_____
Mark D. Richards, WI Bar No. 1006324

Richards & Dimmer, S.C.
209 8th St.
Racine, WI 53403
(262) 632-2200 (P)
(262) 632-3888 (F)
mdr@racinedefense.com
beth@racinedefense.com