UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEBRA WEISS, on behalf of herself
and all others similarly situated,

    Plaintiff,

    v.    Case No. 21-C-114

ANIWA, LLC, d/b/a TEXAS Jay's NORTH,
JOHN A. URBAN, and DOES 1–10,

    Defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Debra Weiss, individually and on behalf of all others similarly situated, filed this action against Defendants Aniwa, LLC, d/b/a Texas Jay's North (Jay's North); John A. Urban, the owner and manager of Jay's North; and John Does 1–10, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Presently before the court is Defendants' amended motion for summary judgment. For the following reasons, the motion will be denied.

## BACKGROUND

Jay's North is a small, adult-entertainment facility located in Birnamwood, Wisconsin, and owned by Urban. Defs.' Proposed Findings of Fact (DPFOF) ¶ 1, Dkt. No. 38-2; Pl.'s Additional Proposed Findings of Fact (PAPFOF) ¶ 5, Dkt. No. 41. Urban also owns Le Cabaret, Inc., d/b/a Texas Jay's Gentlemen's Club Milwaukee (Jay's Milwaukee). DPFOF ¶ 2; PAPFOF ¶ 5. Both Jay's North and Jay's Milwaukee serve liquor and other alcoholic beverages as well as food. PAPFOF ¶ 4. As the owner of Jay's North and Jay's Milwaukee, Urban ensures the businesses' compliance with the FLSA and sets the pay structure for employees at both clubs. *Id.* ¶ 5. Jay's

North's gross revenues were $80,568 for the 2018 tax year and $85,884 for the 2019 tax year. Mutually Agreed Upon Facts ¶¶ 2(i), 3(i), Dkt. No. 38-1. Jay's Milwaukee's gross revenues were $653,898 for the 2018 tax year and $554,096 for the 2019 tax year. *Id.* ¶¶ 6–7.

Weiss worked as an adult entertainer at Jay's North in 2018 and 2019. PAPFOF ¶ 1. When Weiss worked at Jay's North, she performed for and entertained out-of-state customers, particularly those from the Chicago area. *Id.* ¶ 8. Weiss' complaint makes five claims for relief: failure to pay the federal minimum wage in violation of 29 U.S.C. § 206 (Count I); failure to pay overtime wages in violation of 29 U.S.C. § 207 (Count II); the taking of illegal kickbacks in violation of 29 C.F.R. § 531.35 (Count III); the unlawful taking of tips in violation of 29 U.S.C. § 203 (Count IV); and forced tipping in violation of 29 C.F.R. § 531.35 (Count V).

## LEGAL STANDARD

Summary judgment shall be granted when the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences from it in the light most favorable to the nonmoving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and

on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Defendants argue that this court lacks subject matter jurisdiction over this action because Weiss cannot establish the existence of FLSA coverage. Defendants conflate coverage under the FLSA (a merits-related question) with subject-matter jurisdiction. The court has subject-matter jurisdiction over the action because the FLSA is a federal statute that creates a federal cause of action for purposes of 28 U.S.C. § 1331. The real issue is whether Weiss can demonstrate coverage under the FLSA.

The FLSA mandates that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages" specified by statute. *See* 29 U.S.C. § 206(a). To assert a claim under the FLSA, a plaintiff must establish that she is an employee engaged in commerce ("individual coverage") or that her employer is an enterprise engaged in commerce ("enterprise coverage"). Weiss argues that Defendants are subject to enterprise coverage under 29 U.S.C. § 203(s). An employer is an enterprise covered by the FLSA when it (1) "has employees engaged in commerce or in the production of goods for commerce" and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

As to the first part of the enterprise-coverage test, Weiss argues that Jay's North and Jay's Milwaukee are part of a single enterprise engaged in commerce under the FLSA. The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). It

3

further defines an "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose," including "all such activities whether performed in one or more establishments or by one or more corporate or other organizational units." 29 U.S.C. § 203(r)(1). To fall within enterprise coverage, Weiss must establish that Defendants' businesses (1) are "engaged in related activities," (2) are "under unified operation or common control," and (3) "have a common business purpose." *Hicks v. Avery Drei, LLC*, 654 F.3d 739, 746 (7th Cir. 2011) (citation omitted).

First, Weiss argues that Jay's North and Jay's Milwaukee are "engaged in related activities." The activities of two companies are "'related' when they are the same or similar." *Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 518 (1973) (citation omitted). Jay's North and Jay's Milwaukee are engaged in the adult-entertainment business and serve alcoholic beverages and food to their customers. In short, Jay's North and Jay's Milwaukee are engaged in related activities.

Next, Weiss asserts that both business are under "common control." Businesses are under "common control" when "the performance of the described activities [is] controlled by one person or by a number of persons, corporations, or other organizational units acting together." 29 C.F.R. § 779.221. Urban owns Jay's North and Jay's Milwaukee. He directs and governs the performance of both businesses by ensuring compliance with the FLSA and setting the pay structure for employees at both clubs. PAPFOF ¶ 5. Based on these undisputed facts, the court finds that Jay's North and Jay's Milwaukee are under common control. *See Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 636 (N.D. Ill. 2007) (holding that there was common control between two restaurants when the same manager controlled operations of both restaurants; had ownership

interest in both restaurants; had ultimate authority over hiring, firing, day-to-day operations, supervision, and scheduling; and signed the restaurants' checks and payroll accounts).

Finally, Weiss maintains that the businesses have a "common business purpose." "Courts have recognized that 'a common business purpose is generally found when there are related activities and common control.'" *Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 793 (N.D. Ill. 2011) (quoting *Chao v. A-One Med. Servs. Inc.*, 346 F.3d 908, 916 (9th Cir. 2003)). The similar activities of Jay's North and Jay's Milwaukee and Urban's ownership and control of both businesses are indicators of a common business purpose. Both businesses' employees sell alcohol and food that traveled in interstate commerce. *See* Dkt. No. 39-3. In addition, when Weiss worked at Jay's North, she performed for and entertained out-of-state customers, particularly those from the Chicago area. PAPFOF ¶ 8. For these reasons, the court concludes that the corporate defendants constitute a single enterprise that had employees engaged in commerce.

As to the second part of the enterprise-coverage test, Weiss argues that Defendants' single enterprise meets the annual gross-revenue requirement of $500,000. A court may rely on a business's income tax returns to determine whether this requirement is satisfied. *See Johnson v. Sun & Chang Corp.*, 572 F. Supp. 3d 543, 548 (N.D. Ind. 2021) (citations omitted). For the tax year 2018, Jay's North's gross revenues were $80,568 and Jay's Milwaukee's gross revenues were $653,898, for a total of $734,466. For the tax year 2019, Jay's North's gross revenues were $85,884 and Jay's Milwaukee's gross revenues were $554,096, for a total of $639,980. Therefore, the single enterprise exceeded the FLSA's $500,000 threshold requirement for the relevant years. In sum, Weiss has established that her employer is an enterprise engaged in commerce.

Defendants also assert that Weiss has not demonstrated that they are joint employers. But because Defendants did not develop this argument or support it with legal authority or facts, it will

5

not be considered by the court.  *See Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005) ("The failure to develop an argument constitutes a waiver." (citation omitted)).  Weiss has established coverage under the FLSA for her claims.  Accordingly, Defendants' motion for summary judgment is denied.

## CONCLUSION

For these reasons, Defendants' amended motion for summary judgment (Dkt. No. 38) is **DENIED**.  The Clerk is directed to set the matter on the court's calendar to discuss further scheduling.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of January, 2023.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge